1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    SOPHAON SOM,

11                 Petitioner,                    No. CIV S-07-1301 GEB DAD P

12         vs.

13    MIKE S. EVANS, Warden,

14                 Respondent.              FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered

18    against him in 2003 in the San Joaquin County Superior Court.  Based on the recent decision of

19    the United States Supreme Court in Cunningham v. California, ___U.S.___,127 S. Ct. 856

20    (2007), petitioner claims that his right to due process was violated by the sentencing court's

21    reliance on facts not found by the jury in his case.  (Pet. at 6.)  Respondent has filed a motion to

22    dismiss the petition as barred by the one-year statute of limitations.  Petitioner opposes the

23    motion.

24                                   PROCEDURAL HISTORY

25              The record before this court reflects the following chronology.  In 2003, petitioner

26    was found guilty of shooting into an occupied motor vehicle (count one), discharging a firearm

                                              1

from a motor vehicle (count two) and attempted murder (count four).  (Lodged Documents filed

Oct. 15, 2007 (Lod. Doc.) No. 1.)  The jury found to be true the firearm enhancement allegations

with respects to counts one, two and four.  (Id.)  The jury found petitioner guilty of attempted

involuntary manslaughter as charged in counts three, five and six.  (Id.)  On June 2, 2003,

petitioner was sentenced to an indeterminate state prison term of 25 years to life to be served

consecutive to a determinate term of 36 years and 4 months.  (Id.)

On September 7, 2004, the California Court of Appeal for the Third Appellate

District, reversed petitioner's involuntary manslaughter convictions and vacated the related

enhancements.  (Lod. Doc. No. 2.)  The state appellate court directed the trial court to prepare an

amended abstract of judgment.  (Id.)  As a result, petitioner's sentence was reduced to 25 years to

life in prison with that sentence to be served consecutive to the determinate term of

imprisonment of 30 years and 8 months.  (Lod. Doc. No. 3.)

On October 13, 2004, petitioner filed a petition for review with the California

Supreme Court.  (Lod. Doc. No. 4.)  Therein his counsel challenged an evidentiary ruling of the

trial court, the sufficiency of the evidence and argued that petitioner was denied his federal

constitutional right to have the jury determine beyond a reasonable doubt all facts legally

essential to the sentence imposed.  (Id.)[1]  The petition for review was denied on November 17,

2004, with the court stating:

> Petition for review denied without prejudice to any relief to which
> defendant might be entitled after this court determines in <u>People v.</u>
> <u>Black</u>, S126182, and <u>People v. Towne</u>, S125677, the effect of
> <u>Blakely v. Washington</u> (2004) ___ U.S. ___ 124 S. Ct. 2531, on
> California law.

(Lod. Doc. No. 5.)

/////

---

[1]  In advancing this latter argument, counsel for petitioner relied upon the decisions in
<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).
(Lod. Doc. No. 4.)

1    Petitioner did not seek the granting of certiorari by the U.S. Supreme Court nor

2 did he file any petition for writ of habeas corpus collaterally challenging his judgment of

3 conviction.

4    On March 23, 2007, the U.S. Court of Appeals for the Ninth Circuit received

5 petitioner's erroneously titled application for leave to file second or successive petition (Case No.

6 07-71115) which was signed by petitioner on March 18, 2007.  On June 14, 2007, the Court of

7 Appeals ruled that the application was in fact an original, not second or successive, federal

8 petition for a writ of habeas corpus which must be made to the district court.  Accordingly, the

9 Ninth Circuit transferred the case to the U.S. District Court for the Northern District of

10 California.  Subsequently, the U.S. District Court for the Northern District determined that

11 petitioner was challenging a judgment of conviction entered in the San Joaquin County Superior

12 Court and on June 27, 2007, ordered that the case be transferred to this court.  On July 2, 2007,

13 the case was transferred and filed in this court.

14                              PARTIES' ARGUMENTS

15 I.  Respondent's Motion

16    Respondent argues that the pending petition is time-barred.  In this regard,

17 respondent argues that a habeas petitioner must file his federal petition within one year from the

18 date when his judgment became final by the conclusion of direct review, or the expiration of time

19 for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Respondent contends that petitioner's

20 petition for review to the California Supreme Court was denied on November 17, 2004, and that

21 the time to seek direct review ended on February 15, 2005, when the time for filing a petition for

22 writ of certiorari with the United States Supreme Court expired.  See Bowen v. Roe, 188 F.3d

23 1157 (9th Cir. 1999); Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998).  Thus, respondent

24 argues, this action is barred since the one-year statute of limitations expired on February 15,

25 2006.

26 /////

1       Respondent also points out that petitioner is not entitled to any period of statutory

2   tolling of the limitations period because he did not file any post-conviction state habeas actions

3   collaterally challenging the judgment of conviction.

4   II.  Petitioner's Opposition

5       Petitioner contends that when he filed his petition for review with the California

6   Supreme Court, the only U.S. Supreme Court precedent that was available to support his claim

7   was the decision in Blakely v. Washington, 542 U.S. 296 (2004).  He argues that because

8   Cunningham v. California, ___ U.S.___, 127 S. Ct. 856 (2007), is a "new case" based on "older

9   precedent," the statute of limitations is inapplicable and does not bar his federal habeas petition.

10  (Opp'n at 5.)  Petitioner asserts that in Whorton v. Bockting, ___U.S.___, 127 S. Ct. 1173 (2007)

11  the U.S. Supreme Court held that a petitioner "should be afforded the benefit of any newly

12  decided cases being handed down by the courts."  (Opp'n at 2.)

13      Petitioner's remaining arguments in opposition to the motion to dismiss are

14  unclear and confusing.  However, it appears that petitioner is attempting to argue that the

15  Cunningham decision provided a factual predicate for his federal constitutional claim and thus

16  the AEDPA statute of limitations as to this claim did not begin to run until Cunningham was

17  decided.  (Opp'n at 5.)  Finally, it appears petitioner is suggesting that the decision in

18  Cunningham constitutes an extraordinary circumstance which tolls the AEDPA statute of

19  limitations.  (Id.)

20  III.  Respondent's Reply

21      Respondent argues that the statute of limitations for petitioner's filing of his

22  federal habeas petition had already expired long before the decision in Cunningham.  Respondent

23  also contends that the commencement of limitations period applicable here was certainly not

24  delayed until the date of the Cunningham decision and that the decision cannot be characterized

25  as a factual predicate for petitioner's federal constitutional claim within the meaning of §

26  2244(d)(1)(D).

1    Respondent argues that petitioner is not entitled to a delayed start of the

2    limitations period under § 2244(d)(1)(C) which provides for the commencement of the

3    limitations period based on the date on which a constitutional right is recognized and made

4    retroactively applicable to cases on collateral review.  In this regard, respondent contends that the

5    Supreme Court did not indicate that Cunningham should be applied retroactively and the case

6    fails to satisfy the standards for retroactive application set forth in Teague v. Lane, 542 U.S. 348,

7    353 (2004).  Specifically, respondent argues that Cunningham did not decriminalize any primary

8    conduct or remove a class of defendants from punishment and was more of a "fine tuning of

9    sentencing procedure than a 'groundbreaking occurrence.'"  (Reply at 3.)

10    Finally, respondent argues that petitioner is not entitled to statutory or equitable

11    tolling.  Although the California Supreme Court denied petitioner's petition for review without

12    prejudice to any relief to which he might be entitled after the effect of Blakely v. Washington on

13    California law was determined, respondent argues that the court's order did not extend or

14    otherwise effect the date on which direct review of petitioner's conviction became final.

15    Respondent contends that the outcome of the two state court decisions, Black and Towne, did not

16    favor petitioner.  Moreover, petitioner failed to file a new application for state post-conviction

17    review based on those California Supreme Court decisions.  As for equitable tolling, respondent

18    argues that petitioner has not met his burden of establishing that he has diligently pursued his

19    rights and that he has faced extraordinary circumstances preventing him from timely filing his

20    federal habeas petition.

21                                         ANALYSIS

22    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

23    one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court

24    by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The

25    statute of limitations applies to all federal habeas petitions filed after the statute was enacted on

26    April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was

commenced in 2007, the AEDPA period of limitations is applicable to the petition.  Specifically,

that statute now provides in relevant part:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Liberally construed, petitioner's opposition to the pending motion to dismiss

suggests three possible theories in support of his claim that his petition is not time-barred.  First,

plaintiff suggests that the statute of limitations did not begin to run until the date the U.S.

Supreme Court issued its decision in Cunningham because under § 2244(d)(1)(C), the limitations

period begins to run on the date the constitutional right asserted was initially recognized by the

Supreme Court.  Thus, plaintiff argues that the statute of limitations should not bar his habeas

action because his Blakely claim was "undecided by the California Supreme Court until the

recent United States Supreme Court decided on Cunningham v. California, 127  S. Ct. 856

/////

1    (2007)."  (Opp'n at 1.)  Petitioner's reliance on § 2244(d)(1)(C) is misplaced and must be

2    rejected.

3            Second, petitioner suggests that the decision in Cunningham provided the factual

4    predicate for his constitutional claim thereby delaying the commencement of the statute of

5    limitations.  Under § 2244(d)(1)(C), the commencement of the running of the statute of

6    limitations is delayed until the date on which the constitutional right asserted was initially

7    recognized by the Supreme Court, **if** the right has been newly recognized by the Supreme Court

8    **and made retroactively applicable to cases on collateral review** [.]" (emphasis added).   The

9    decision in Cunningham has not been applied retroactively.  See Jordan v. Evans, No. 07CV466-

10   J (NLS), 2007 WL 2703118, at *21 (S.D. Cal. Sept. 14, 2007);  Beyett v. Yates, No. C 06-7598

11   WHA (PR), 2007 WL 2600745, at *2 (N.D. Cal. Sept. 10, 2007); Zimmeth v. Hernandez, No.

12   05CV1695 JAH (RBB), 2007 WL 2556771, at *9 (S.D. Cal. Sept. 4, 2007); Lopez v. Campbell,

13   No. 1:05-cv -00481 LJO-TAG HC, 2007 WL 2500424, at *3 (E.D. Cal. Aug. 30, 2007);

14   Marquez v. Evans, No. C 06-0913 CRB (PR), 2007 WL 2406867, at *9 (N.D. Cal. Aug. 20,

15   2007); Bouie v. Kramer, No. CIV S-06-1082 GEB GGH P, 2007 WL 2070330, at *3 (E.D. Cal.

16   July 13, 2007).  Thus petitioner's argument fails since "the limitations period cannot be

17   calculated from when Cunningham was decided in 2007."  Beyett, 2007 WL 2600745, at *2.

18   Therefore, § 2244(d)(1)(C) does not apply here.

19            As noted above, under § 2244(d)(1)(D), the statute of limitations begins to run on

20   the date when the factual predicate of the claim could have been discovered through the exercise

21   of reasonable diligence.  Petitioner appears to argue that the Cunningham decision provided the

22   factual predicate for his Sixth Amendment claim.  Petitioner is incorrect in this regard as well.  A

23   court decision does not establish a factual predicate for a constitutional claim.  Rather, it is when

24   the petitioner became aware of important facts underlying his claims that controls.  Shannon v.

25   Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("[A] state-court decision establishing an abstract

26   proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual

1  predicate' for that claim."), cert. denied, 546 U.S. 1171 (2006); Hebbe v. Kane, No. Civ. S-06-

2  0074 LKK DAD P, 2006 WL 2434205, at *2 (E.D. Cal. Aug. 21, 2006); see also Hansan v.

3  Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (holding that the statute of limitations begins

4  "when the prisoner knows (or through diligence could discover) the important facts, not when the

5  prisoner recognizes their legal significance.") (internal quotation marks omitted).  Here, many

6  years before the Cunningham decision was issued, petitioner was certainly aware that the trial

7  judge in his case made factual findings that resulted in the imposition of an enhanced sentence.

8  Thus, petitioner's argument for a delayed commencement of the AEDPA statute of limitations

9  based upon § 2244(d)(1)(D) is also unpersuasive.

10          Lastly, petitioner suggests that the decision in Cunningham constitutes an

11  extraordinary circumstance presumably tolling the AEDPA statute of limitations.  The court

12  agrees with respondent that petitioner is entitled to neither statutory and nor equitable tolling of

13  the statute of limitations in this case.  Statutory tolling is not available to petitioner because he

14  admittedly did not pursue any state collateral review.[2]  The fact that the California Supreme

15  Court denied petitioner's petition for review without prejudice, does not toll the statute of

16  limitations.

17          Likewise, equitable tolling is not available here.  A petitioner seeking equitable

18  tolling bears the burden of establishing two elements:  "(1) that he has been pursuing his rights

19  diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

20  544 U.S. 408, 418 (2005).  Here, petitioner has failed to carry his burden of establishing either

21  element.  Petitioner took no action to pursue his claims for three years after his petition for

22  review was denied by the California Supreme Court.  Moreover, there is no authority supporting

23

24          [2]  Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed state application
for post-conviction review is pending is not counted for the limitations period.  "[A]n application

25  is pending as long as the ordinary state collateral review process is 'in continuance' - - i.e., 'until
the completion of' that process.  In other words, until the application has achieved final

26  resolution through the State's post-conviction procedures, by definition it remains 'pending.'"
Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

the proposition that recent U.S. Supreme Court decisions which are found not to apply

retroactively, constitute an extraordinary circumstance preventing a petitioner's timely filing and

therefore justifying equitable tolling of the AEDPA statute of limitations.  See Eisenmann v.

Bartos, No. CV 06-1066-PHX-ROS, 2007 WL 951960, *8 (D. Ariz. March 27, 2007) ("The

Court is unaware of any federal court opinion concluding a change in the law entitles a petitioner

to equitable tolling of the relevant statute of limitations and, therefore, Petitioner is not entitled to

equitable tolling based on the decision in Blakely."); Smith v. United States, CRIM.A.4:02CR24,

Civ.A. 4:05CV129, 2005 WL 2657386, at *4 (E.D. Va. Oct. 18, 2005) ("[T]he petitioner's

reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling.");

see also Valladares-Helguera v. United States, No. 3:05CV380-3-V, 3:00CR130-3-V, 2005 WL

2544306, at *2 (W.D. N.C. Oct. 10, 2005) ("Petitioner fails to establish that his attorney's failure

to advise him about recent Supreme Court decisions is a situation which qualifies as

extraordinary, out of his control and which prevented him from filing his § 2255 motion on

time.").

         The court concludes that the AEDPA statute of limitations began to run in

petitioner's case on the date his judgment of conviction became final by the conclusion of the

expiration for the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  In this regard,

petitioner's petition for review to the California Supreme Court was denied on November 17,

2004.  The AEDPA statute of limitations therefore began to run after the expiration of the ninety

days petitioner had to file a writ of certiorari with the U.S. Supreme Court on February 16, 2005.

See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  The statute of limitations expired one

year later on February 16, 2006.  Petitioner signed his federal habeas petition on March 18,

2007.[3]  Even if the court were to apply the mailbox rule and use March 18, 2007 as the filing

/////

---

[3]  As noted above, the petition was erroneously filed with the U.S. Court of Appeals for the Ninth Circuit and later transferred to the District Court.

date, petitioner filed his federal petition over a year after the AEDPA statute of limitations had

expired.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Respondent's August 14, 2007 motion to dismiss this action as filed beyond

the one-year statute of limitations, be granted; and

2.   This action be dismissed.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 18, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
som1301.mtd

10